UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61417-CIV-MARRA

ROBERT MADISON,

    Plaintiff,

v.

JACK LINK ASSOCIATES STAGE
LIGHTING & PRODUCTIONS, INC.,
HOLLAND AMERICA LINE N.V. LLC,
LEGENDARY RHYTHM & BLUES CRUISE, LLC,

    Defendants,

HOLLAND AMERICA LINE N.V. LLC,

    Cross-Plaintiff,

v.

JACK LINK ASSOCIATES STAGE
LIGHTING & PRODUCTIONS, INC.,
LEGENDARY RHYTHM & BLUES CRUISE LLC,

    Cross-Defendants, and

REBEKAH'S DREAMS ENTERTAINMENT
& PRODUCTION SERVICES, INC.

    Third-Party Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Cross-Defendant Jack Link Associates Stage Lighting & Productions, Inc.'s Motion to Dismiss Crossclaim (DE 49) ("Motion"). Holland America Line N.V. ("HAL") responded (DE 65), Jack Link Associates Stage Lighting & Productions, Inc. ("Jack Link") replied (DE 66), and HAL filed a sur-reply (DE 76). This matter is now ripe for review. For the reasons stated below, the Motion is **GRANTED IN PART and DENIED IN PART**.

## I. Background

This action arose from an incident aboard one of HAL's vessels where Plaintiff allegedly received electric shock injuries. HAL and Legendary Rhythm & Blues Cruise ("R&B") entered into a Charter Party Agreement ("Agreement") for R&B to charter the ship *Nieuw Amsterdam* for the purposes of hosting the Blues Cruise. Crossclaim, ¶¶ 8-19 (DE 40). Under the Agreement, R&B was responsible for any personal injury that occurred as a result of any activity on *Nieuw Amsterdam* that was organized by R&B. *Id.* R&B hired Jack Link to install and configure all of its concert equipment, lighting, staging, and wiring on the ship. *Id.* In turn, R&B hired Rebekah's Dreams Entertainment & Production Services, Inc. ("Rebekah's Dreams") to load and transport R&B's equipment onto *Nieuw Amsterdam*. *Id.* Plaintiff Madison was employed by Rebekah's Dreams, and on the day of the incident was directed by Jack Link's foreman to transport cables and wires. *Id.* Plaintiff received an electrical shock because the wires were electrified. *Id.* HAL asserts that it was wholly without fault for Plaintiff's resulting injury. *Id.*

Plaintiff Madison alleged the following claims: negligence against Jack Link (Count I); negligence against R&B (Count II); vicarious liability against R&B (Count III); negligent hiring against R&B (Count IV); negligence against HAL (Count V); and vicarious liability against HAL under the theory of respondeat superior (Count VI). Second Am. Compl., ¶¶ 1, 40-80 (DE 44). HAL filed its crossclaims for declaratory relief under the Agreement against R&B (Count I); breach of contract against R&B (Count II); contractual indemnity against R&B (Count III); common law indemnity against R&B (Count IV); contribution against R&B (Count V); common law indemnity against Jack Link (Count VI); contribution against Jack Link (Count VII); common law indemnity against Rebekah's Dreams (Count VIII); and contribution against Rebekah's Dreams (Count IX).

Crossclaim, ¶¶ 23-55 (DE 40). Both Plaintiff Madison and HAL base jurisdiction on 28 U.S.C. § 1333 because injuries occurred aboard a vessel in navigation, and allege that general maritime law applies. *Id.*, ¶ 1; Second Am. Compl., ¶¶ 1, 6 (DE 44). Plaintiff Madison has settled with R&B and HAL, and his claims against these Defendants have been dismissed. (DE 111, 126).

In the Motion under review, Jack Link asks the Court to dismiss HAL's crossclaims of indemnity and contribution against it pursuant to the Federal Rule of Civil Procedure 12(b)(6). Jack Link acknowledges that general maritime law governs this case and that general maritime law recognizes claims for common law indemnity and contribution. (DE 66). However, Jack Link argues that no legal theory of indemnity can support HAL's claim for indemnification against it; and as to the contribution claim, that HAL does not allege that Jack Link owed a duty to Plaintiff Madison or HAL or that Jack Link breached that duty, rendering the allegations legally insufficient. HAL responds simply that the claims are pled sufficiently to withstand the Motion to Dismiss.

## II. Legal standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Overall, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (internal

quotation omitted); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### III. Discussion

**1. Applicable law**

The parties agree that general maritime law governs this case, and this is consistent with the Eleventh Circuit's precedent. *See Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case"); *Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*, 761 F.2d 229, 235 (5th Cir. 1985) ("the body of law establishing the indemnitee's primary liability governs his claim for indemnity or contribution against a third party"); *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1173 (11th Cir. 2009) (the *Marathon Pipe* rule requiring application of the same law establishing the indemnitee's primary liability to the claims for indemnity and contribution is likely the appropriate rule when the choice is between state and federal admiralty law, but is not the appropriate rule when the case has international aspects).

Therefore, the Court will apply maritime law. "[T]he 'general maritime law' is drawn from

both state and federal sources and is an 'amalgam of traditional common-law rules, modifications of those rules, and newly created rules' which includes a 'body of maritime tort principles.'" *Brockington v. Certified Elec., Inc.*, 903 F.2d 1523, 1530 (11th Cir. 1990) (quoting *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864 (1986)).

**2. Indemnity**

Jack Link argues that no legal theory of indemnity can support HAL's claim against it, and that HAL's claim must, therefore, be dismissed under Rule 12(b)(6). Only three theories of indemnity are available under maritime law. *Hardy v. Gulf Oil Corp.*, 949 F2d 826, 833-34 (5th Cir. 1992); *Columbus-McKinnon Corp. v. Ocean Products Research, Inc.*, 792 F. Supp. 786, 788-89 (M.D. Fla. 1992); *Sol v. City of Miami*, 776 F. Supp.2d 1375, 1378-79 (S.D. Fla. 2011). Namely, a party may rely on: (1) contractual indemnity; (2) the *Ryan* doctrine indemnity under *Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp.*, 350 U.S. 124 (1956) available to shipowners subject to absolute liability without contributing to the unseaworthy condition created by a stevedore that caused the accident and the subsequent finding of liability; and (3) the non-negligent or vicariously liable tortfeasor indemnity. *Hardy*, 949 F.2d at 833.

Here, the indemnity claim is not based on contract. Further, the *Ryan* doctrine does not apply where the vessel owner only owes a duty of ordinary care; it only applies where the vessel owner is subject to the "absolute nondelegable liability under the seaworthiness guaranty." *Hobart v. Sohio Petroleum Co.*, 445 F.2d 435, 439 (5th Cir. 1971);[1] *see also Hardy*, 949 F.2d at 833; *see generally Drakidis v. Mori*, 12-14173, 2013 WL 6334105, – F. App'x – (11th Cir. Dec. 6, 2013) (unseaworthiness is a cause of action based on strict liability); *Brunner v. Mar. Overseas Corp.*, 779

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

F.2d 296, 298 (5th Cir. 1986) (unseaworthiness is an independent cause of action). Plaintiff Madison only brought claims against HAL sounding in negligence and vicarious liability under the respondeat superior theory for the alleged negligence of its agent, Jack Link. Second Am. Compl., ¶¶ 66-80. The Second Amended Complaint does not allege that HAL should be held liable for a breach of the guaranty of seaworthiness. Accordingly, even without examining whether Jack Link may be considered a stevedore,[2] it appears that HAL cannot rely on the *Ryan* doctrine. However, the last type of indemnity may be available to HAL.

A vicariously liable or non-negligent tortfeasor may be entitled to indemnity from a co-debtor guilty of actual fault. *Hardy*, 949 F.2d at 833. Even though this theory of maritime indemnity applies to both non-negligent and vicariously liable defendants, it has been interpreted to be available in practice only to defendants who have paid damages based on vicarious liability. *Sol v. City of Miami*, 776 F. Supp.2d 1375, 1378-79 (S.D. Fla. 2011). Jack Link relies on *Sol*, and argues that there are no allegations and no basis to allege that HAL is legally responsible for the acts of Jack Link. However, Plaintiff Madison specifically alleged that HAL is vicariously liable for Jack Link's negligence. Accordingly, the vicariously liable tortfeasor theory of indemnification may be available to HAL.

Lastly, with respect to the common law indemnity against Jack Link, HAL's Crossclaim states:

45. HAL is fully without fault regarding Plaintiff's alleged injuries.

46. Jack Link is wholly at fault for Plaintiff's alleged injuries.

47. If HAL is held responsible to Plaintiff for any of the matters set forth above, it

---

[2]Generally, a stevedore is a "person or company that hires longshore and harbor workers to load and unload ships." STEVEDORE, Black's Law Dictionary (9th ed. 2009).

6

> is entitle to total equitable indemnity from jack Link for any loss suffered or expenses incurred or judgment paid, including any costs, attorney's fees and other expenses which have been, or in the future may be, incurred in that HAL's liability will be based (if at all) on only passive or secondary negligence arising as a legal result of the active and primary negligence of Jack Link.

Crossclaim, ¶¶ 45-47 (DE 40).

Because HAL uses the terms "passive" and "active" negligence, Jack Link argues that HAL relies on an outdated active- passive theory of indemnity. HAL only states that this interpretation of its claim is incorrect.

It is true that the active-passive negligence rule has been abolished after the Supreme Court incorporated the comparative fault theory into maritime law because a "tortfeasor only passively negligent will presumably bear a smaller percentage of the fault for an injury." *Self v. Great Lakes Dredge & Dock Co.*, 832 F.2d 1540, 1557 (11th Cir. 1987). However, in light of the fact that a valid theory of indemnity may be available to HAL, the Court rejects Jack Link's argument that HAL's indemnity claim should be dismissed because no legal theory can support it.

### 3. Contribution

Jack Link argues that HAL failed to plead contribution adequately because there are no allegations that Jack Link owed a duty to Plaintiff Madison or HAL, and that Jack Link breached this duty. Under general maritime law, a defendant who had been partially at fault and settled a claim paying more than its share of liability may be entitled to contribution from a joint tortfeasor. *Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller*, 957 F.2d 1575, 1583-84 (11th Cir. 1992). Tortfeasors must share a common legal liability toward the plaintiff for contribution to be available. *Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1421, 1434 (5th Cir. 1988). Further, because the liability for contribution arises from the tortfeasor's obligation to the plaintiff, to survive a motion to dismiss

the party seeking contribution from a joint tortfeasor should allege that the joint tortfeasor owed a duty to the plaintiff and that it breached this duty. *Columbus-McKinnon Corp. v. Ocean Products Research, Inc.*, 792 F. Supp. 786, 789 (M.D. Fla. 1992).

Here, HAL only alleges that:

> 49. HAL denies it either cause or contributed to Plaintiff's injuries or damages at all. In the event, however, HAL is held liable for the alleged injury, claims or damages incurred by Plaintiff, which liability is specifically denied, HAL is entitled to partial indemnity and contribution from Jack Link corresponding to their respective fault, negligence, carelessness or willful misconduct.

Crossclaim, ¶ 49 (DE 40).

Thus, there are no allegations that Jack Link owed a duty to Plaintiff Madison, or that Jack Link breached this duty. Accordingly, HAL failed to adequately plead a claim for contribution.[2] *See Columbus-McKinnon Corp.*, 792 F. Supp. at 789.

## IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** Cross-Defendant Jack Link Associates Stage Lighting & Productions, Inc.'s Motion to Dismiss Crossclaim (DE 49) is **GRANTED IN PART and DENIED IN PART**. The Motion is **DENIED** as to HAL's

---

[2]Courts mostly concentrate on the availability of theories of indemnity under maritime law when considering motions to dismiss indemnity claims, and concentrate on the elements of contribution when considering motions to dismiss contribution claims. *See Columbus-McKinnon Corp. v. Ocean Products Research, Inc.*, 792 F. Supp. 786, 788-89 (M.D. Fla. 1992); *Sol v. City of Miami*, 776 F. Supp.2d 1375, 1378-79 (S.D. Fla. 2011); *HLL Barents Schiffahrtsgesellschaft mBH & Co. KG v. Stolthaven New Orleans, L.L.C.*, CIV.A. 10-2059, 2011 WL 2118872 (E.D. La. May 24, 2011). Under Florida law, for example:
> [A] third party indemnity action will survive a motion to dismiss only if the third party complaint alleges: (1) that there existed a special duty running from the indemnitor to the indemnitee; (2) that the indemnitor breached that duty; (3) that the plaintiff's injuries resulted from the breach; and (4) that the indemnitee can be held liable for the injuries resulting to the plaintiff from the indemnitor's acts.

*Carlson Corp./Se. v. Sch. Bd. of Seminole Cnty., Fla.*, 778 F. Supp. 518, 520-21 (M.D. Fla. 1991) (quoting *Rabon v. Automatic Fasteners, Inc.,* 672 F.2d 1231 (5th Cir.1982)). Thus, the elements are similar to the ones of claims for contribution. While the Counterclaim merely alleges that HAL is entitled to indemnity from Jack Links, maritime cases do not discuss the necessity of pleading more, and Jack Link raises the argument that HAL failed to allege duty and breach only with respect to the claim of contribution.

counterclaim of indemnity against Jack Link (Count VI), and **GRANTED without prejudice** as to counterclaim of contribution against Jack Link (Count VII).

HAL may amend its Counterclaim within 14 days from the date of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of December, 2013.

_____
KENNETH A. MARRA
United States District Judge